MRS. E. V. SMITH v. STATE.

No. A-561.    Opinion Filed May 16, 1911.

Appeal from Custer County Court; A. H. Latimer, Judge.

Mrs. E. V. Smith was convicted of violating the prohibitory law
and appeals. Reversed and remanded.

Holcomb & Bulow, for plaintiff in error.
Smith C. Matson, Asst. Atty. Gen., for defendant in error.

PER CURIAM. Mrs. E. V. Smith was convicted of having intoxicating liquors in her possession for the unlawful purpose of selling the same, at the January, 1909, term of the county court of Custer county, and sentenced to pay a fine of four hundred dollars and be confined in the county jail sixty days.

The first assignment of error raises the sufficiency of the information, the charging part of which is as follows:

"That Mrs. E. V. Smith, more full name unknown, late of the county of Custer and state of Oklahoma, on or about the 3rd day of October, in the year of our Lord one thousand nine hundred and eight (1908), at and within the said county and state did then and there unlawfully have the possession of intoxicating liquors, to wit: about one-half barrel of beer with the intention of violating the provisions of article 3, section 1, of Senate Bill No. 61 of the laws of Oklahoma."

There are many objections that can be and are urged to this information, and nothing can be said to justify it. In the first place a Senate Bill is never a law until passed by both Houses of the Legislature and approved by the Governor, or allowed to become a law without his signature. If an information or indictment charging a violation of the provisions of a Senate Bill, numbered 61, is filed with a court, by what process of elimination or reasoning we are to determine the particular Senate Bill contemplated is not suggested. There have been a dozen or more such bills and a number of laws on the statute books that came into existence by reason of having been enacted and originally numbered Senate Bill 61 by the Legislature. The information is entirely too indefinite. The demurrer should have been sustained.

There are other errors urged raising questions which this court has already passed upon, and it is unnecessary to consider them here.

The judgment of the trial court is reversed, and this cause remanded with directions to the county court of Custer county to sustain the demurrer to the information.